UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TRUCK DRIVER, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND, et al., | ) ) ) ) ) |
| Plaintiffs, | ) No. 4:93 CV 2376 DDN ) |
| v. | ) ) |
| BROTHERHOOD LABOR LEASING, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM

This matter is before the court on the motion of plaintiffs for attorney fees, and for plaintiffs' bill of costs. (Docs. 495, 496.) The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

### Background

Plaintiffs Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund and its trustees brought this action against defendants in November 1993 for collection of withdrawal liability under the Employment Retirement Income Security Act (ERISA). This court granted summary judgment in plaintiffs' favor on December 4, 1996. (Doc. 155.) The order was later amended to order defendants Brotherhood Labor Leasing, MFI Leasing Company, Falls City Industries, Inc., and Middlewest Freightways, Inc., to pay certain sums of money to plaintiffs. (Doc. 177.) However, the defendant corporations had not made any payments as of November 30, 1998, and plaintiffs filed a motion for contempt. This court found Steve Gula and the Dysart, Taylor, Lay, Cotter & McMonigle, P.C., law firm in civil contempt, and ordered Gula to pay $205,038.45 plus interest, and Dysart Taylor to pay $12,855.55, plus interest. (Doc. 487.) Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 230 F. Supp. 2d 963, 970 (E.D. Mo. 2002), aff'd, 406 F.3d 955 (8th Cir. 2005), cert. denied sub nom. Dysart, Taylor, Lay,

Cotter & McMonigle, P.C. v. Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund, 126 S. Ct. 1143 (Jan. 17, 2006).

Thereafter, plaintiffs moved this court for the attorneys' fees and costs they incurred in conjunction with the contempt prosecution. Plaintiffs argue that they are entitled to attorneys' fees for their contempt action against Gula and Dysart Taylor, that this court has wide discretion to award such fees, and that awarding attorneys' fees is permissible in an ERISA action. Dysart Taylor argues that it was not a defendant in the ERISA action, and that, even if this court awards attorneys' fees, the amount sought by plaintiffs is incorrect. Defendant Gula has not responded to this motion.

## Discussion

"A district court has inherent power to enforce compliance with its lawful orders and mandates by awarding civil contempt damages, including attorneys fees." Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1340 (8th Cir. 1975); Tranzact Tech., Inc. v. 1Source Worldsite, 406 F.3d 851, 855 (7th Cir. 2005); Faegre & Benson, LLP v. Purdy, 367 F. Supp. 2d 1238, 1243-44 (D. Minn. 2005) ("The Court may also award attorney's fees and other costs incurred in prosecuting the contempt motion to the moving party."). Such an award is left to the discretion of the court. Hartmand v. Lyng, 884 F.2d 1103, 1107 (8th Cir. 1989). The remedy and sanctions ordered in a civil contempt action must be compensatory in nature and not punitive, and they "may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding." Chase Indus., Inc., Durus Div. v. Frommelt Indus., Inc., 806 F. Supp. 1381, 1388 (N.D. Iowa 1992) (quoting In re Tetracycline Cases, 927 F.2d 411, 413 (8th Cir. 1991)). "[A]n award of fees and costs is independent of any civil sanction imposed." United States v. Far East Suppliers, 682 F. Supp. 1215, 1216 (S.D. Fla. 1988).

Here, an award of attorneys' fees and costs is appropriate. Plaintiffs prevailed in the contempt action, and this court will exercise its discretion and award plaintiffs their reasonable attorneys' fees and costs. Such an award will not, as Dysart Taylor suggests, be

punitive in nature in violation of this court's previous order of September 12, 2002.[1]  "An 'award of costs and attorney fees in civil contempt is . . . wholly independent of an award of compensatory damages.'"  Central States, Southeast & Southwest Areas Pension Fund v. Express Freight Lines, Inc., 718 F. Supp. 716, 719 (N.D. Ill. 1989) (quoting Shakman v. Democratic Org. of Cook County, 533 F.2d 344, 351 (7th Cir. 1976)).[2]

Dysart Taylor also argues that an award of attorneys' fees in a contempt action is only permissible when the contemnor is found to have acted willfully, wantonly, in bad faith, or vexatiously.  The court disagrees.  The contemnor need not have acted in bad faith; the purpose of attorneys' fees is not to punish, but is to make the plaintiffs whole.  Chase Ind., 806 F. Supp. at 1388.

Therefore, this court will award plaintiffs their recoverable costs and reasonable attorneys' fees in the contempt litigation.

**A. Attorneys' Fees**

"[A]ttorneys' fees in a civil contempt proceeding are limited to those reasonably and necessarily incurred in the attempt to enforce compliance."  Abbott Labs. v. Unlimited Beverages, Inc., 218 F.3d 1238, 1242 (11th Cir. 2000).  The first step in determining a reasonable fee is the establishing of a lodestar figure by multiplying the number of hours reasonably expended on the matter by a reasonable hourly fee.  Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 564 (1986); Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).

---

[1] In that order, this court held that ordering "either Gula or Dysart Taylor to pay more [than $217,894 or $12,855.55] would be punitive."  (Doc. 487 at 14.)

[2] Plaintiffs and Dysart Taylor disagree as to whether the ERISA fee shifting statute applies to Dysart Taylor in this case.  29 U.S.C. § 502(g)(2) provides for recovery of fees incurred in a post-judgment collection of an ERISA award.  Dysart Taylor argues it was never a defendant in an ERISA action, while plaintiffs argue that it injected itself into the case by advising Gula to pay it first before paying the Fund.  Neither side cites case law for its position, and the court finds none.  However, regardless of whether the ERISA fee-shifting statute applies, the court has inherent authority to award attorneys' fees in a contempt action.

-3-

The awarded number of hours must be reasonable in light of the nature of the issues litigated, the period of time between the commencement of the contested issue and its determination by the court, and the adversary postures of the litigants. "The district court should exclude hours that were not reasonably expended." Wheeler v. Missouri Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003). Relevant fee rate factors include the rates usually charged by the billing counsel and the relevant attorney market, which may extend beyond the local geographical community. Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir. 1993), cert. denied, 513 U.S. 932 (1994). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Hanig, 415 F.3d at 825. The lodestar amount "'is presumed to be the reasonable fee' to which counsel is entitled." Pennsylvania, 478 U.S. at 564.

In this action plaintiffs seek attorneys' fees as follows:

(1) $185 per hour for 517.8 hours performed by attorney David S. Allen, totaling $95,793.00, and
(2) $185 per hour for 17.4 hours performed by attorney William W. Weatherman,

for a total of $99,012.00.[3]  (Doc. 495.)

This court has previously held in this case that $185 was a reasonable hourly rate for legal fees (Doc. 177), and Dysart Taylor does not dispute this hourly rate, nor does it dispute that the parties would not be jointly and severally liable. Dysart Taylor argues that the hours expended before it was charged with contempt should not be charged to it, and that plaintiffs seek compensation for all the fees involved in the contempt action, when in reality, they did not prevail over all the alleged contemnors.

Dysart Taylor also argues that some of the hours predated its inclusion in the case, and that only 253.3 hours are relevant. However, the court finds that both Gula and Dysart Taylor are jointly and severally liable for the attorneys' fees sought by plaintiffs. Even if

---

[3] Plaintiffs allege that they actually spent 933.5 hours prosecuting the contempt action, but are only seeking fees for 535.2 hours. (Doc. 495 at 3.)

Dysart Taylor was not named as a contemnor until later in the litigation, its earlier actions led to its addition. By 1997, when the legal fees begin, Dysart Taylor and Gula had jointly committed the actions that were found to be contemptuous.

Dysart Taylor also argues that plaintiffs did not succeed on all of their contempt allegations against all originally alleged contemnors, and, therefore, the attorneys' fees should be lowered. The court has discretion to reduce an award of attorneys' fees, if the plaintiffs are not successful on all such claims. <u>Scheeler v. Crane Co.</u>, 21 F.3d 791, 793 (8th Cir. 1994). Plaintiffs alleged civil contempt against Gula, Dysart Taylor, Gula's wife, William Beherens, two individual attorneys, and three other law firms, for a total of nine alleged contemnors.[4] Plaintiffs only succeeded against two of those charged, and did not succeed against seven of them. (Doc. 487.)

The court will reduce the award, because plaintiffs were successful on only approximately one-fourth of their claims. It is not entirely clear from plaintiffs' billing statements which hours were spent on which alleged contemnor. From the nature of the proceedings, it appears very likely that some time was spent on the claims against both those ultimately held in contempt and those not. So, the court will reduce the amount of attorneys' fees sought by plaintiffs to one-fourth that sought, or $24,753.00.

The court concludes that Gula and Dysart Taylor are jointly and severally liable for $24,753.00 as reasonable attorneys' fees.

## B. Costs

Plaintiffs seek costs for the contempt litigation. 28 U.S.C. § 1920 defines the costs that may be taxed against a party:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

---

[4]Plaintiffs dismissed one of the law firms from the contempt claims. (Doc. 433.)

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Plaintiffs seek the following costs, totaling $35,757.73:[5]

| | | |
|---|---|---|
| 1. | Fees for summons and subpoena | $45 |
| 2. | Copies necessary for use | $99.15 |
| 3. | Deposition of Gula | $244.20 |
| 4. | Deposition of Howard Lay | $310.20 |
| 5. | Travel | $5,007.51 |
| 6. | Local Counsel Expense | $30,051.67 |

(Doc. 496 Ex. 1; Doc. 542.) Dysart Taylor concedes it is liable for $929.40,[6] but argues that plaintiffs' costs for local counsel, Gula's deposition, copying costs, and costs for travel from Kansas City to St. Louis are not properly taxable under 28 U.S.C. § 1920.

---

[5] Plaintiffs' bill of costs (Doc. 496 Ex. 1) includes $2,574.89 for copying costs. However, in their reply brief, they lower the amount to $99.15. Further, plaintiffs reduce the amount sought for the depositions from $309.25 to $244.20 for Gula, and from $884.40 to $310.20 for Lay. Therefore, the total amount sought is now $35,757.73, not $38,872.72. (Id.; Doc. 542 at 3.)

[6] Dysart Taylor concedes that the fees for service of summons and subpoena, totaling $45, and the costs of Howard Lay's deposition, totaling $884.40, are properly taxable under 28 U.S.C. § 1920. (Doc. 524 at 2; Doc. 496 Ex. 1.) However, plaintiffs have reduced the amount sought for Lay's deposition to $310.20, and therefore, this court will change the amount of concession to $355.20.

Fees for local counsel are not taxable as costs under § 1920. Plaintiffs argue in their reply that, if not taxable as costs, the local counsel fees should be included in their request for attorneys' fees. However, plaintiffs have not established the reasonableness, by documentation or otherwise, the hours spent or the hourly rate used to calculate the $30,051.67 fee claim. Absent such justification, the court cannot determine whether that claim is recoverable and reasonable.

The deposition expense of Gula, $244.20, is properly taxable as a cost. Even if this deposition was taken before defendant Dysart Taylor was charged with contempt, it was necessarily obtained for use in the case. He was involved in the very acts that led to a finding of contempt for Dysart Taylor, and the transcript of his deposition was an exhibit in the case. (Doc. 381.) A deposition is "necessarily obtained for use in the case" if it was used in the court proceeding or if it was reasonably necessary to the parties when it was taken. Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1134 (E.D. Mo. 1997); Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995). Therefore, $244.20 will be taxed to the defendants.[7]

Plaintiffs also seek $99.15 for copies, but as Dysart Taylor argues, plaintiffs did not produce any invoices to substantiate the expense. (Doc. 524 at ¶ 6.) The court ought not order copying expenses to be taxed as costs without appropriate justification. Emmenegger, 33 F. Supp. 2d at 1133; UNI-Systems, Inc. v. Delta Air Lines, Inc., 4-96-973, 2002 WL 505914, at *2 (D. Minn. Mar. 28, 2002) ("[t]hese costs could be taxable under § 1920(4) if they were incurred copying exhibits introduced at trial."). Plaintiffs argue that the record shows they filed 661 pages of paper as exhibits for their contempt claims, and that these papers were necessarily obtained for use in the case. Plaintiffs did file at least 661 pages of paper as exhibits, and at a 15 cent per page charge, the record supports an award of $99.15. See Madison v.

---

[7]When plaintiffs determined the amount of the deposition, they used the maximum transcript rate of $3.30 per page provided for in the Guide of Judiciary Policies and Procedures, Court Reporters' Manual. (Doc. 542.); see Glastetter v. Sandoz Pharmaceuticals Corp., 1:97CV131, 2000 WL 34017154, at *4, n3 (E.D. Mo. Oct. 3, 2000).

IBP, Inc., 149 F. Supp. 2d 730, 812 (S.D. Iowa 1999) (15 cents per page is reasonable).

Plaintiffs also seek travel expenses of $5,007.51, for attorney travel from Chicago to St. Louis or Kansas City to litigate this matter. Dysart Taylor argues that travel expenses are not taxable under § 1920, while plaintiffs argue the court has discretion to "punish by fine" and such an award would make the Fund whole.

The court will not award plaintiffs their attorney travel expenses. Such an award is not taxable under § 1920. Brookins v. Wissota Promoters Assoc., Inc., 2001 WL 629258, at *6 (D.N.D. Feb. 15, 2001) ("Section 1920 makes no provision for awarding the expenses of attorney travel as costs."). "Absent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost . . .." UNI-Systems, 2002 WL 505914 at *3 (quoting Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (E.D. Mo. 1984)). Plaintiffs have shown no extraordinary circumstances.

In summary, this court will hold Gula and Dysart Taylor jointly and severally liable for $24,753.00 in attorneys' fees, and $1,008.75 in costs.

_/s/ David D. Noce_
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 29, 2006.